## PAYMENTS UNDER A HEALTH POLICY.

Circuit Court of Cuyahoga County.

THE CONTINENTAL CASUALTY CO. v. VERNIE JOHNSON.

Decided, April, 1907.

*Health Policy—Payment of Premiums Monthly in Advance—Waiver of Condition Must be Pleaded.*

Where one of the conditions of a health policy was that premiums should be paid on the first day of each and every month in advance, to entitle the policy holder to prove a waiver of this condition he must plead it.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The judgment in this case seems to be warranted by the facts, if they were properly before the court, but a reversal is required because one of the technical rules of pleading was violated.

It is confessedly better that salutary general rules should be universally applied than that an occasional violation of them should be permitted in particular cases.

Vernie Johnson brought his action to recover on a policy of health insurance. In his petition, among other things, he alleged that he "well and truly kept and performed all the conditions of said policy on his part to be performed."

The company's answer traversed this allegation.

The policy provided that the insured should pay the company the required premium on or before the first day of each and every month, in advance, during the life of the policy, that the insurance should continue in force only so long as the premiums should be paid as required on or before the first day of each month, in advance, without notice, and—

"That the acceptance of any past due or delinquent premium is optional with the company, and shall not in any case be a waiver of the forfeiture of this policy, but shall be continuous and have the same effect as if a new application in the same terms as the last preceding one were then made and a new policy subject to the warranties and agreements of such new applica-

tion, issued at 12 o'clock noon, standard time, on the day follow-ing such acceptance of such past due premiums, and that for the payment and remittance of such past due premiums the insured constitutes the local treasurer his agent.''

At the hearing it was conceded that the insured did not pay the last premium due before he was taken sick, until six days after the first of the month.

The insured thereupon undertook to show that he was pre-vented from making said payment by the negligent acts of the company and that they received said premium without objection, though paid six days late.   This evidence was admitted over the objection of the company.   While we think the evidence thus ad-mitted conclusively shows that the company waived the for-feiture and the printed conditions of its policy with reference thereto, still we are constrained to hold that the court erred in admitting such evidence.   The issue thus raised was not raised by the pleadings.

For condoning the error here complained of this court was reversed in the case of *The Eureka Fire & Marine Insurance Co.* v. *Baldwin,* 62 O. S., 368, so we feel disposed to apply the law of that case here, though the delicacy of counsel withheld its citation to us.

The syllabus of the case referred to reads as follows:

''Where a party avers that he has performed all the condi-tions of a contract to be by him performed, his proof upon the trial must show such performance in order to entitle him to a recovery.   Under such an averment it is not competent to prove a waiver of such conditions.   If the waiver of conditions is re-lied upon, such waiver must be averred in the pleadings.''

For error in the admission of evidence the judgment is re-versed and the same is remanded for a new trial.